UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEVERLY ODERBERT, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:20-CV-03441-X |
| § | |
| STATE FARM LLOYDS and § | |
| RICHARD KUNDEE, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

The defendant, State Farm Lloyds, allegedly failed to properly cover plaintiff Beverly Oderbert under her insurance policy. Oderbert originally filed this case in state court, but State Farm removed to federal court, claiming diversity of citizenship due to improper joinder. Oderbert then filed a motion to remand this case back to state court. [Doc. No. 4]. For the reasons outlined below, the Court **GRANTS** the motion.

### I.   Factual Background

Beverly Oderbert had a property insurance policy with State Farm Lloyds (State Farm). At the same time, Richard Kundee was an employee of State Farm and a citizen of Texas. When this case was filed, State Farm was an unincorporated entity and a citizen of Illinois.

Oderbert's insured property experienced plumbing issues and physical damage in October 2018. Eight days later, a plumber inspected Oderbert's property and found water damage due to breaks in the water line. Pursuant to her State Farm policy,

1

Oderbert authorized the plumber to make repairs. On October 31, 2018, Kundee inspected Oderbert's property, found extensive water damage, and made an estimate for damage repair. State Farm sent payments for the damage that day.

But before Kundee's inspection, the plumber who repaired Oderbert's water line also found "sudden breaks in the sewer lines" that caused additional damage to Oderbert's property. The City of Dallas issued a permit authorizing the plumber to replace or repair those lines, and Oderbert authorized him to address the additional damage.

Allegedly, Oderbert never notified State Farm of the additional damage nor allowed State Farm to inspect the property. In December 2018, Oderbert hired Texas Restoration to inspect her property, and according to Oderbert, Texas Restoration observed additional damage that State Farm allegedly did not observe or include in the October 31 inspection. Oderbert sued State Farm and Kundee in state court. But State Farm removed to federal court on the grounds that Kundee was improperly joined. Oderbert then moved to remand.

## II. Legal Standard

A defendant may remove a state court action if the defendant establishes the federal court's original jurisdiction over the action.[1] When sitting in diversity, federal courts require complete diversity among the parties to have jurisdiction.[2] Complete

---

[1] 28 U.S.C. § 1441.

[2] *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). .

diversity means that all parties on one side of the action must be citizens of different states than all parties on the other side of the action.[3]

If a defendant claims improper joinder to prove complete diversity, that defendant bears the heavy burden of proving that the non-diverse defendant was improperly joined.[4] "The doctrine of improper joinder allows a court to ignore an improperly joined defendant in determining subject matter jurisdiction."[5] Essentially, the removing party must show that the plaintiff added the non-diverse defendant only to defeat federal jurisdiction in order to demonstrate improper joinder.[6]

There are two ways to establish improper joinder: (1) show actual fraud in the pleading of jurisdictional facts, or (2) show the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[7] To do this, the court can either conduct a 12(b)(6) analysis or, in its discretion, pierce the pleadings and conduct a summary inquiry.[8]

In this context, the federal pleading standard applies over state rules, and the focus is on the validity of joinder, not the merits of the plaintiff's case.[9] A suit lacking

---

[3] *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation marks omitted).

[4] *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004).

[5] *Id.* at 572.

[6] *See Lincoln Prop. Co.*, 546 U.S. at 91-92 (holding that no party was joined solely to create federal jurisdiction.).

[7] *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

[8] *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–02 (5th Cir. 2016).

[9] *Id.* at 208.

in merit is not the same as a suit involving improper joinder.[10] Considering a motion to remand with regard to improper joinder, if the plaintiff has stated a claim to relief that is plausible on its face, more than a recitation of elements of an action, then remand of the action is proper.[11] Furthermore, if a party alleges fraud or mistake, that party must plead "the who, what, when, where, and how" of the events constituting fraud or mistake.[12]

### III.   Analysis

There is no diversity jurisdiction if the adjuster (Kundee) was properly joined. Individual adjusters can be personally liable under some provisions of the Texas Insurance Code.[13] Therefore, the Court only asks whether Oderbert pled enough facts to overcome the 12(b)(6) hurdle against Kundee. Both Oderbert and State Farm bring up *Duncan v. Safeco Insurance Company of Indiana* to support their respective positions. In that Northern District of Texas case, the Court held that the plaintiff pled enough facts to pass the 12(b)(6) hurdle against the defendant insurance company and adjuster.[14] State Farm tries to distinguish *Duncan* from Oderbert's

---

[10] *See Smallwood*, 385 F.3d at 574.

[11] *See id.* at 573; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008); *See also* FED. R. CIV. P. 9(b).

[13] *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998); *see also* TEX. INS. CODE § 541.002(2) ("'Person' means an individual . . . engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."). Remand is proper if a viable claim against the adjuster has been pled. *See Roach v. Vehicle*, No. 3:15-CV-3228-G, 2016 WL 795967 at *6 (N.D. Tex. Feb. 29, 2016) (Fish, J.).

[14] *Duncan v. Safeco Ins. Co.*, No. 7:20-cv-00119-M-BP, 2020 WL 6811485 at *4-5 (N.D. Tex. Oct. 30, 2020) (Ray, Jr., J.).

pleadings against Kundee, while Oderbert uses *Duncan* to establish what needs to be pled during an improper joinder situation.

The Court finds that Oderbert properly pled in line with what *Duncan* outlines. In *Duncan*, the plaintiff pled that the adjuster performed a substandard inspection and that both the insurer and adjuster "mishandled claims and caused further and additional damages."[15] Duncan also claimed both the insurer and adjuster "failed to conduct a full, fair, prompt, and reasonable investigation" of Duncan's covered damages.[16] And Duncan alleged specific violations of the Texas Insurance Code against the adjuster.[17] Oderbert's complaint follows *Duncan's* guidance. She pleads that State Farm and Kundee:

(1) "falsely claimed that [Oderbert] never notified State Farm of any additional damage nor gave State Farm the opportunity to inspect [her property]."[18]

(2) "violated Section 541.051 of the Texas Insurance Code by making statements misrepresenting the terms and/or benefits of [Oderbert's policy]."[19]

(3) "engaged, and continue to engage, in unfair claim settlement practices prohibited by Section 541.060(a) of the Texas Insurance Code."[20]

---

[15] *Id.* at *4.

[16] *Id.*

[17] *Id.*

[18] Doc. No. 4-1 pg. 4.

[19] *Id.* at 5.

[20] *Id.*

(4) "made materially false representations to [Oderbert] with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by [Oderbert] to her detriment."[21]

This level of specificity is sufficient to plausibly state a claim against Kundee.

Here, Oderbert claims fraud against both defendants. Therefore, Rule 9(b) is implicated. State Farm cites a previous Northern District of Texas case as an authority supporting dismissal of the motion to remand for failure to allege facts constituting enough for a fraud claim. In that case, the court found that the adjuster was improperly joined because the plaintiff failed to allege facts for the "who, what, when, where, and how" of the claim against the adjuster.[22] But here, Oderbert alleged facts to back up her claims against Kundee. For instance, Oderbert pled that Texas Restoration found additional damages to her property that Kundee did not observe or include in his inspection. After reviewing the pleading, the Court finds that Oderbert pled the who, what, when, where, and how sufficiently to plead a fraud claim against Kundee, as required under Rule 9(b).

The Court finds that Oderbert stated a claim against Kundee. This means that Kundee was not improperly joined. So, the Court lacks jurisdiction and must remand the action.

### IV.   Conclusion

---

[21] *Id.* at 7.

[22] *5857 Park Vista, LLC v. United States Liab. Ins. Co.*, No. 4:17-CV-818-A, 2017 WL 6210829 at *4 (N.D. Tex. Dec. 7, 2017) (McBryde, J.)..

For the reasons stated above, the Court **REMANDS** this action to Texas state court.

**IT IS SO ORDERED** this 19th day of July, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE